**Linda M. MEGLIO, Plaintiff–Appellant,**

v.

**Carol S. HEBEL,
Defendant–Respondent.**

No. 53777.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 1988.

Application to Transfer Denied
Nov. 15, 1988.

James S. Collins, II, St. Louis, for plaintiff-appellant.

Denis C. Burns, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the order of the trial court awarding her a new trial on the issue of liability only in an automobile accident case.

The jury determined plaintiff's damages at $8500 and determined her to be 30% at fault. That determination was based upon a comparative fault instruction hypothesizing plaintiff's fault upon her failure to keep a careful lookout and driving at excessive speed. Upon plaintiff's motion for new trial, the trial court concluded that it had erroneously submitted the lookout issue. In her post-trial motion plaintiff sought a new trial on all issues.

On appeal plaintiff raises two issues. The first is that a new trial should have been granted because two jurors were guilty of misconduct in failing to reveal claims and lawsuits against them on voir dire examination. The second point is that the trial court erred in giving the comparative fault instruction as to excessive speed which "resulted in a finding that plaintiff was 30% at fault thereby reducing her judgment from $8500 to $5950.00." The

only requested relief from us is a new trial on all issues.

The first point raises an issue on which, if correct, plaintiff would be entitled to a new trial on both liability and damages. She is therefore an aggrieved party for purposes of appeal as to that point. The claims and lawsuits which the jurors failed to report all arose from debts they had incurred. Plaintiff's attorney's questions specifically referred to claims for injuries. Counsel stated, "I'm going to limit this just to claims for personal injuries, not for property damage to a car or property damage to a house." Both jurors testified at the hearing on the motion for new trial that they understood the question to be limited to personal injury claims, a perfectly reasonable conclusion inasmuch as that was what counsel limited the question to. The court committed no error or abuse of discretion in denying plaintiff's motion for new trial on the grounds of juror misconduct. *Williams v. Barnes Hospital,* 736 S.W.2d 33 (Mo. banc 1987) [6].

As to plaintiff's second point, she is not an aggrieved party. She has received a new trial on the issue of liability which includes a determination of comparative fault. She has failed to demonstrate, or even suggest, that the erroneous instruction on speed, if it was erroneous, in any way had impact on the damages found by the jury. She has asked both the trial court and us only for a new trial. She has received a new trial on the question of liability, the only issue to which her claim of error relates.

Order of the trial court granting a new trial on liability only is affirmed.

KAROHL, P.J., and KELLY, J., concur.