**Linda MEGLIO, Plaintiff–Appellant,**

v.

**Carol S. HEBEL, Defendant–Respondent.**

**No. 60269.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1991.

James S. Collins II, Camala Collins Francis, St. Louis, for plaintiff-appellant.

Denis C. Burns, John Benton Singleton, St. Louis, for defendant-respondent.

GARY M. GAERTNER, Judge.

Appellant, Linda Meglio, appeals the denial of her motion to add interest to a judgment in the Circuit Court of the City of St. Louis. We affirm.

On February 29, 1984, the parties to this action were involved in an automobile accident on Clayton Road near Westwood Street in St. Louis County. Due to her injuries arising from the accident, appellant filed a personal injury suit against respondent, Carol Hebel. The action was submitted to a jury on June 16, 1987, which assessed appellant's damages at $8,500.00 and assigned fault 70 percent to respondent, 30 percent to appellant.

On June 24, 1987, appellant filed a motion for a new trial. Because the trial court improperly instructed the jury regarding comparative fault, the court partially sustained appellant's motion, allowing retrial on the issue of liability. Appellant appealed the partial denial of her motion for new trial, but the order of the trial court was affirmed in all respects by this court. *Meglio v. Hebel,* 759 S.W.2d 615 (Mo.App., E.D.1988).

On March 5, 1991, the issue of liability was tried once again to a jury. One hundred percent fault was assigned to respondent, and judgment was entered accordingly.

On March 11, 1991, appellant filed a motion to add interest to the judgment from June 16, 1987, to March 5, 1991. The trial court overruled the motion on May 7, 1991. Appellant appeals entry of this denial.

■ As a general rule, interest on an unliquidated claim is not awarded because "where the person liable [on a judgment] does not know the amount he owes he should not be considered in default because of failure to pay." *Fohn v. Title Ins. Corp. of St. Louis,* 529 S.W.2d 1, 5 (Mo. banc 1975). However, this general rule, though widely applied, is by no means absolute, and exceptions do exist. Until recently, where a defendant contested only the issue of liability, but did not dispute the amount of damages, or assert a counterclaim or set-off, the plaintiff's claim was considered liquidated even though the amount of his ultimate liability remained in doubt. *Ohlendorf v. Feinstein,* 670 S.W.2d 930, 935 (Mo.App., E.D.1984); *Burger v. Wood,* 446 S.W.2d 436, 444 (Mo. App., Spfld.Ct.App.1969). However, in *Brickner v. Normandy Osteopathic Hosp. Inc.,* 746 S.W.2d 108 (Mo.App., E.D.1988), this court disagreed with the earlier approach announced in *Ohlendorf* and *Burger.* Although factually complex, *Brickner* arose as a malpractice action under the Missouri Wrongful Death Act. At the first trial, the jury found the hospital not liable, but set damages at $1,000,000.00. Due to instructional error, however, plaintiffs were granted a partial new trial on the issue of liability only. On retrial, the jury found the hospital liable and judgment was entered accordingly. *Brickner,* 746 S.W.2d at 110–12. The case was appealed to this court, and it was held that interest from the first judgment could not be awarded, because the hospital was not liable under the terms of the first judgment. The court further stated that, since there can be but one judgment in any case, the judgment on the first verdict was held in abeyance pursuant to the trial court's order of a new trial. *Brickner,* 746 S.W.2d at 119–20. The *Brickner* court noted that an argument could be made for prejudgment interest on the second judgment, because the amount of respondent's potential liability became fixed at that point. *Id.* at 120. However, this court rejected that argument. *Id.* Setting a cap on the amount recoverable by a plaintiff does not constitute an amount readily ascertainable by computation according to a recognized standard. *Id; Ohlendorf,* 670 S.W.2d at 935.

■ The case currently before us, like *Brickner,* was not remanded to the trial court solely to entertain a modified judgment according to specific direction; rather, a new trial regarding the issue of liability was required. Liability was, therefore, a disputed issue and, until judgment was entered in the second trial, damages to be awarded (if any) were not readily ascertainable by computation according to a recognized standard. *Ohlendorf,* 670 S.W.2d at 935.

Due to the uncertainty of the potential award, or lack thereof, we find the damages in this case to be unliquidated until entry of the second and final judgment on March 5, 1991. The order of the trial court denying appellant's motion to add interest is affirmed.

REINHARD, P.J., and CRANE, J., concur.